

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GEREMIE GERMAINE JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-988-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Geremie Germaine Jones, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I. Factual and Procedural History

In August 2011 petitioner pleaded guilty to aggravated robbery with a deadly weapon in the 432nd Judicial District Court of Tarrant County, Texas, and a jury found him guilty of the

offense, as instructed, and true to the deadly-weapon notice in the indictment and assessed his punishment at 45 years' confinement. WR-79,381-01 Writ, 73-75, ECF No. 21-3. Petitioner appealed his sentence, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.* 76-80; Docket Sheet, ECF No. 18-2. Petitioner also filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. WR-79,381-01 Writ cover, ECF No. 21-3. This federal habeas petition followed.

The Second Court of Appeals summarized the facts of the case as follows:

> In October 2010, at around 3:00 a.m., Jones went to a Waffle House, pulled out a gun, pointed it at a waitress, Wanda McDaniel, and demanded that she give him all of the money in the cash register. McDaniel gave Jones the money, and he left the restaurant. James Smith, one of the cooks, dialed 911 and then followed Jones and confronted him. Jones pointed his gun at Smith and said, "I'll shoot you. Don't you follow me. I'll shoot you." Shortly thereafter, the police apprehended Jones.
>
> After Jones pleaded guilty to aggravated robbery with a deadly weapon, McDaniel testified during the punishment phase that she feared for her life during the robbery, and the trial court admitted State's

2

Exhibit 24, the Waffle House surveillance video of the incident, and allowed the State to publish it to the jury. The State also introduced evidence to show that Jones had a gang affiliation; had been classified in the county jail as a high-risk offender; had been involved in a physical altercation with a deputy while in jail, which had been videotaped and which was published to the jury; had threatened three deputies; and had been arrested for public intoxication, possession of crack cocaine, theft, and possession of a knife. Jones stipulated to his prior convictions for possession of a prohibited weapon, possession of a controlled substance of less than one gram, criminal trespass, assault causing bodily injury, and theft.

During Jones's case-in-chief, Dr. Mansoor Mian, a psychiatrist with Tarrant County Mental Health and Mental Retardation, testified that Jones had attempted suicide several times; suffered from emotional turmoil due to family problems; suffered from depression, irritability, anger, and impulsive behavior; heard voices; had been prescribed various anti-depressants and anti-psychotic drugs; had been treated in more than one state mental hospital; and could be helped with proper care. During the State's cross-examination, Dr. Mian agreed that Jones's mental health records showed that one of his treating physicians had ruled out bipolar disorder and showed that Jones had a history of abusing alcohol, cocaine, and marijuana. On redirect, he noted that other portions of his medical records indicated that Jones had been diagnosed as bipolar.

Jones testified that he was not a bad guy but that he had done some bad things. Jones gave his childhood history of foster care, described hearing voices, and said that he could accept the consequences of his actions. He also testified that he had taken the gun from a family member; that he did not know whether the gun was loaded; that he was high at the time of the incident; and that the voices, brought on by drugs, told him to do it. Jones admitted to using crack cocaine while awaiting his trial, with his most recent use being a week before trial. He also admitted that

3

he paid for crack cocaine with his disability check and
that he had threatened the deputies while he was
incarcerated. However, he denied having a gang
affiliation.

Jones's older brother testified that Jones had
acted "crazy" since age four and that Jones's father
had been paranoid schizophrenic. Jones's mother
testified that all five of her children had been
removed from her because of her drug use and neglect of
them, that she used drugs while pregnant with all of
her children, and that she stopped using drugs after
going through rehabilitation while incarcerated. She
acknowledged that of all five children, Jones was her
only adult child committing aggravated robbery.

*Id.* at 77-79.

## II. Issues

Petitioner raises five grounds for habeas relief:

(1) His plea was not knowing and voluntary because he was under the impression that a plea bargain was "on the table" in exchange for his guilty plea;

(2) The trial court's refusal to allow his MHMR lawyer to be present at trial violated his constitutional and civil rights to due process and a fair trial;

(3) He was involuntarily intoxicated on PCP at the time of the offense;

(4) The conviction for an aggravated robbery and the deadly-weapon finding were erroneous because the gun was not loaded; and

(5) The state engaged in malicious prosecution.

Pet. 6-7 & Attach., ECF No. 1.

## III. Rule 5 Statement

Respondent believes that grounds three and five enumerated

4

above are unexhausted and procedurally barred but that the petition is not barred by limitations or subject to the successive-petition bar. Resp't's Answer 3-4, ECF No. 26.

### IV. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

5

As noted above, respondent believes petitioner's third and fifth grounds, raised for the first time in this federal petition, are unexhausted and procedurally barred. Petitioner also concedes that he raises for the first time in this petition the claims-

> withdraw of plea and involuntary intoxication of namely (P.C.P.) deprivation of do [sic] process by trial court as well as appeal.

Pet. 8, ECF No. 1.

A review of the state court records reveals that, although petitioner's first ground was not specifically raised in state court, a similar argument was raised in the context of an ineffective-assistance-of-counsel claim in his state habeas application. Therefore, although raised tangentially in state court, the court finds that petitioner's first ground was sufficiently exhausted for purposes of § 2254(b)(1)(A). Petitioner, however, wholly failed to raise his second, third or fifth grounds on direct appeal or in his state habeas application. Thus, his second, third and fifth grounds are unexhausted.

Under the Texas abuse-of-the-writ doctrine, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-

6

the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's grounds two, three and five, raised for the first time in this federal petition, are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

## V. Discussion

*Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question

of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written order, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

In this case, the state habeas court entered express

8

findings of fact as to one or more of petitioner's claims, which he has failed to rebut with clear and convincing evidence, and the Texas Court of Criminal Appeals adopted those findings. Under these circumstances, a federal court must defer to the state habeas court's factual findings and may assume the Texas Court of Criminal Appeals applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). With these principles in mind, the court addresses grounds one and four.

### *Discussion*

Petitioner asserts that he was misled into pleading guilty because he was under the impression that he was pleading guilty to a lesser, non-aggravated offense without a deadly-weapon finding pursuant to a plea bargain[2] and that the gun was not a

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.3d 327, 330 n.2 (5th Cir. 1981).

[2] On June 1, 2011, the parties appeared in court for a status conference. During this conference, the state made what appears to be it's final plea bargain recommendation of 40 years. Clerk's R. 68, ECF No. 20-4. Nothing in the record however indicates that petitioner accepted the plea offer.

9

deadly weapon, as defined under state law, because it was not loaded and, hence, unable to cause death or serious bodily injury to the victim. Pet. 6-7 & Attach., ECF No. 1.

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Therefore, although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

The state habeas court entered express findings that petitioner was found competent following an expert evaluation before he pleaded guilty, that petitioner's testimony demonstrated he could consult with his attorney with a reasonable degree of rational understanding and had a rational and factual understanding of the proceedings against him, and that he was competent to stand trial. The state court also entered express findings that the indictment was read to petitioner in open court, that petitioner admitted in open court that trial counsel discussed the aspects of a deadly-weapon finding with him, and that there was evidence indicating petitioner was aware he was pleading to an aggravated felony with a deadly weapon. WR-79,381-01 Writ 36-60, ECF No. 21-3. Based on its findings, the state court concluded that petitioner was aware he was pleading guilty to the offense of aggravated robbery with a deadly weapon, that there is no requirement under state law that the firearm be operable or loaded to be considered a deadly weapon,[3] that petitioner admitted to committing the offense of

---

[3] Under Texas law, a firearm is a deadly weapon *per se*. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2013); *Wright v. State*, 582 S.W.2d 845, 847 (Tex. Crim. App. 1979). The state need not show that the firearm is loaded or that it "was really capable of causing death," either in the manner of its actual use or in the manner of its intended use. *Adame v. State*, 69 S.W.3d 581, 583 (Tex. Crim. App. 2002); *Tidwell v. State*, 187 S.W.3d 771, 776 (Tex. App.-Texarkana 2006, no pet.).

11

aggravated robbery and pointing a gun at the victim, thus there was no evidence that would have permitted a jury to rationally find that he was guilty of the lesser included offense of robbery or theft, and that petitioner's 45-year sentence was within the limits prescribed by statute and was neither excessive nor grossly disproportionate. WR-79,381-01 Writ 57-67, ECF No. 21-3.

Additionally, petitioner affirmed in open court that he was pleading guilty because he was guilty and for no other reason, that he was aware of and waived his rights to a jury trial, to cross-examine witnesses against him and to call witnesses on his behalf, that he was aware of and waived his right to remain silent, that nobody threatened, urged or forced him to plead guilty, that he understood the range of punishment, that the offense was a "3g" offense and that he would not be eligible for parole until half his term was served, and that the jury would have no choice but to find him guilty upon a guilty plea. Reporter's R., vol. 3, 6-10, ECF No. 19-3. The state courts' adjudication of petitioner's claims was reasonable in light of the evidence before the court. 28 U.S.C. § 2254(d).

In sum, the record supports the conclusion that petitioner's guilty plea represented "a voluntary and intelligent choice among the alternative courses of action open to" him, that he was

12

competent, that he understood the charges against him and the consequences of a guilty plea, and that he voluntarily chose to plead guilty. *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). Accordingly, both the guilty plea and petitioner's 45-year sentence, which was within the statutory range and was not excessive or grossly disproportionate to the offense, will be upheld on federal review. *See Harmelin v. Michigan,* 501 U.S. 957, 993-95 (1991).

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 19, 2015.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

13